**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Lysette Camacho, et al.,

Plaintiffs,

v.

Airbnb Incorporated, et al.,

Defendants.

No. CV-25-03230-PHX-DLR

**ORDER**

Plaintiffs Lysette Camacho and Marc Keene-Camacho bring this action against Defendants Hermann Justin Kreimer and Jane Doe Kreimer for negligence per se, intentional invasion of privacy, and intentional infliction of emotional distress. (Doc. 1-1.) Despite alternative service by publication (Docs. 11, 12), Defendants failed to appear or respond, and so the Clerk entered default against them (Doc. 29). Plaintiffs now move for entry of default judgment. (Doc. 31.) The motion is granted.

Whether to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Court may consider the following factors when deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the

Court accepts as true the complaint's well-pled factual allegations. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Although the Court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

Having reviewed Plaintiffs' motion, the Court finds the relevant factors favor entry of default judgment. If default judgment is not granted, Plaintiffs "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Taking the allegations in the complaint as true, Plaintiffs have alleged meritorious negligence per se, intentional invasion of privacy, and intentional infliction of emotional distress claims. There are likely no genuine factual disputes that would preclude granting the motion. There is no evidence that Defendants defaulted due to excusable neglect. The amount of money at stake is limited to the statutorily specified amount, *see* A.R.S. § 12-731(A)(2)(c) (permitting statutory damages of $10,000 for "any person whose wire, oral or electronic communication is intentionally intercepted, disclosed or used in violation of title 13, chapter 30"), plus punitive damages as described below. And although cases "should be decided on their merits whenever reasonably possible" *Eitel*, 782 F.2d at 1472, the existence of Federal Rule of Civil Procedure 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted).

The Court held an evidentiary hearing on September 2, 2026, on the issue of punitive damages. Plaintiffs testified to the events involving the discovery of a camera above the bed. On September 9, 2026, Plaintiffs submitted a Supplemental Motion for Default Judgment Awarding Punitive Damages, including evidence of Defendants' wealth. (Doc. 35.) Plaintiffs have demonstrated by clear and convincing evidence that Defendants acted with an "evil mind." *Linthicum v. Nationwide Life Ins. Co.*, 723 P.2d 675, 680 (Ariz. 1986). Placing a camera above the bed in the home rented to Plaintiffs is evidence that Defendants either intended to injure Plaintiffs or consciously disregarded an unjustifiably high risk of significant harm. *Id.* Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for default judgment (Doc. 31) is **GRANTED** as follows:

1. Pursuant to A.R.S. § 12-731(A)(2)(c), the Court awards statutory damages of $10,000 to Plaintiff Lysette Camacho and $10,000 to Plaintiff Marc Keene-Camacho, for a total statutory award of $20,000.
2. Pursuant to A.R.S. § 12-731(A)(4), the Court awards Plaintiffs attorneys' fees of $20,797.50 and costs of $886.21.
3. The Court awards punitive damages in the amount of $25,000 to Plaintiff Lysette Camacho and $25,000 to Plaintiff Marc Keene-Camacho, for a total punitive damage award of $50,000.
4. The Clerk shall enter judgment accordingly and terminate this case.

Dated this 16th day of September, 2026.

Douglas L. Rayes
Senior United States District Judge